# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| LAURA KENNEDY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 20-cv-00144-MLB<br>) |
| HLTC, INC., | )<br>) |
| Defendant. | ) |

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS
_____

Defendant HLTC, Inc. ("HLTC"), by and through its counsel, Christopher P. Brown and Savannah B. Moore, hereby submits the following memorandum in support of its motion to dismiss:

**I.   OVERVIEW**

In this unpaid wages dispute, Plaintiff claims that HLTC violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") by failing to compensate her for working during her lunch break. Plaintiff also claims that she is entitled to relief under a breach of contract theory for the same conduct.

1

To establish a claim under the FLSA, the employee must establish, among other things, that the employer knew or should have known that she worked through lunch. Plaintiff's Complaint [ECF 1], however, lacks *any* allegation that HLTC knew or should have known of the unpaid lunch breaks. As such, Plaintiff's complaint fails to state a plausible FLSA claim. Plaintiff's breach of contract claim also fails because it is pre-empted by the FLSA.

As discussed in more detail below, Plaintiff's entire Complaint [ECF 1] fails to state a plausible claim for relief and should be dismissed in its entirety. FED. R. CIV. P. 12(b)(6).

## II.     FED. R. CIV. P. 12(b)(6) STANDARD

To survive a motion to dismiss, a complaint must contain a sufficient factual basis to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also AFL-CIO v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) ("[A] complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some viable legal theory.").

While a Court must consider facts alleged in the Complaint as true, this tenet does not extend to legal conclusions (including legal conclusions couched as factual allegations). *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….").

"A district court may consider a document attached to a motion to dismiss, without converting it to a motion for summary judgment, when the plaintiff refers to the document in his complaint, it is central to his claims, and there is no reasonable dispute as to the authenticity of the document." *Booth v. City of Roswell*, 754 Fed. Appx. 834, 836 (11th Cir. 2018) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, the holdings in *Booth, Horsley,* and *Day* permit this Court to consider HLTC's Mealtime Deduction Policy, attached as **Exhibit A**, without converting this motion to dismiss to a motion for summary judgment.

### III. ALLEGATIONS IN THE COMPLAINT

Plaintiff makes the following factual allegations in her Complaint [ECF 1]:

1. Plaintiff was employed by HLTC as a cook and kitchen supervisor. [ECF 1], ¶5.
2. Defendant agreed to pay Plaintiff $12.00 an hour for her work. [ECF 1], ¶6.
3. Plaintiff clocked in and out on a time recording device. [ECF 1], ¶7.

4. Defendant automatically subtracted a 30-minute lunch break each day from Plaintiff's recorded work time, for which it did not compensate Plaintiff. [ECF 1], ¶9 ("Mealtime Deduction Policy").

5. Plaintiff rarely took a lunch break and did not receive uninterrupted, 30-minute lunch breaks. [ECF 1], ¶9.

The remaining allegations in the Complaint [ECF 1] are legal conclusions and should not be considered by the Court in deciding this motion. *See, e.g.*, *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (deciding motion to dismiss requires court to "eliminate any allegations in the complaint that are merely legal conclusions").

## IV.   THE MEALTIME POLICY

In paragraph 9 of the Complaint [ECF 1], Plaintiff references HLTC's automatic Mealtime Deduction Policy[1] that is set forth in the Associate Handbook and attached as **Exhibit A** to this motion. That policy reads, in relevant part, as follows:

> Meal periods are non-paid time. Associates do have the autonomy to leave the campus during their meal breaks; however, if an Associate

---

[1] Plaintiff does not appear to challenge the legality of imposing an automatic deduction policy; nor could she. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012) ("An automatic meal deduction system is lawful under the FLSA."); *see also* 29 C.F.R. § 785.19(a) (1961) ("Bona fide meal periods are not worktime."), *recognized as invalid on other grounds in Havrilla v. U.S.*, 125 Fed. Cl. 454, 463-64 (2016).

> desires to eat their meal on campus during their designated meal break, they must do so in departmental or facility designated areas. Associates leaving the premises are required to clock out and clock in. Associates eating on campus are not required to clock out; however, 30 minutes will automatically be deducted for a meal period. If an Associate is scheduled by the supervisor to work their meal period or if your meal period is interrupted for work-related reasons, the Associate should notify their supervisor and the 30 minute meal period will be included in paid hours.

**Exhibit A**, p.1.

As noted above, the policy was referenced in the Complaint [ECF 1], it is central to the FLSA claim asserted therein, and its authenticity is, or ought to be, undisputed. As such, this Court can consider the policy without converting this motion into a motion for summary judgment. *Day*, 400 F.3d at 1276.

**V. ARGUMENT**

**A. Plaintiff has failed to plead a sufficient factual basis to establish the knowledge element of her FLSA claim.**

To be liable under the FLSA, the employer must know, or have reason to believe, that the employee worked overtime hours. *Allen v. Board of Public Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2017); *see also* 29 C.F.R. § 785.12 (1961) ("If the employer knows or has reason to believe that the work is being performed, he must count the time as hours worked.").

Plaintiff alleges that HLTC automatically deducted 30 minutes every day for a lunch break, and that such deduction was improper because she "rarely took a lunch

break and did not receive uninterrupted, 30-minute lunch breaks." [ECF 1], ¶9. That is not enough. Rather, as noted, Plaintiff must allege that HLTC *knew or should have known* that Plaintiff was working during her bona fide meal periods. There is no such allegation in the Complaint.

Moreover, as a matter of law, an employer's mere "access to information does not constitute constructive knowledge that [a plaintiff] was working overtime." *Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995); *see also Rance v. Rocksolid Granit USA, Inc.*, 292 Fed. Appx. 1, 2 (11th Cir. 2008) (affirming dismissal of plaintiff's complaint for failure to allege that Plaintiff reported number of compensable hours to employer). For that reason, employees are *required* to follow an employer's procedures for claiming work when an employer uses an automatic meal time deduction. *Id.* This stands to reason:

> At the end of the day, an employee must show that the employer knew or should have known that he was working overtime ***or, better yet, he should report the overtime hours himself.*** Either way, the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions. An employer cannot satisfy an obligation that it has no reason to think exists. And an employee cannot undermine his employer's efforts to comply with the FLSA by consciously omitting overtime hours for which he knew he could be paid.

*Wood v. Mid-America Management Corp.*, 192 Fed. Appx. 378, 381 (6th Cir. 2006) (emphasis added).

6

The foregoing cases demonstrate the important role that an employer's policy plays in ensuring it is made aware of compensable meal breaks. Like the employer in *Rance*, who requested the employee to provide the number of hours worked, HLTC's policy clearly provides a procedure for Plaintiff to obtain compensation for working during mealtimes: "If an Associate is scheduled by the supervisor to work their meal period or if your meal is interrupted for work-related reasons, the Associate should notify their supervisor and the 30 minute meal period will be included in paid hours." **Exhibit A**, p.1. Here, there is no allegation that Plaintiff availed herself of HLTC's policy or took *any* action to inform her employer of her alleged uncompensated work.

Plaintiff may argue that paragraph 20 of the Complaint satisfies the knowledge element of the FLSA claim. Not so.

Paragraph 20 reads as follows:

> Defendant's violation of Section 207 of the FLSA was willful. Specifically, Defendant was well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA, or recklessly disregarded its legal obligation.

[ECF 1], ¶20.

Yet, paragraph 20 contains no factual averments, consists entirely of legal conclusions, and should not be considered for purposes of deciding this motion to dismiss. *Twombly*, 550 U.S. at 555; *see also American Dental Ass'n*, 605 F.3d at

1290. In fact, the allegations in paragraph 20 are similar to the "bare legal conclusions" pled in *Gonzalez v. Old Lisbon Restaurant & Bar LLC*, 820 F.Supp.2d 1365, 1369 (S.D. Fla 2011). In *Gonzalez*, the Court dismissed Plaintiff's FLSA claim because Gonzalez, like the Plaintiff here, did "not specifically allege any actual facts describing Defendants or their business." *Id.* And as the court noted in *Gonzalez*, pleading actual facts to establish the necessary elements of an FLSA claim "is not difficult." *Id.* For example, Plaintiff could have alleged that she told her supervisor she worked through lunch, or that her supervisor saw her working during lunch breaks, or that her supervisor told her to work through lunch breaks, or any other facts that would create a plausible inference that HLTC had actual or constructive knowledge that Plaintiff was working through lunch. The Complaint, however, lacks any such allegation regarding the knowledge element.

Nor is *Gonzalez* an anomaly. Trial courts in the Eleventh Circuit routinely dismiss FLSA complaints when they merely state conclusory allegations to support necessary elements of an FLSA claim. *See e.g.*, *Kendrick v. Eagle Intern. Group, LLC*, 2009 WL 3855227, *3 (S.D. Fla. Nov. 17, 2009) ("Plaintiff's legal conclusion with no factual allegations in support is insufficient to withstand a motion to dismiss."); *Hernandez v. Anderson*, 2015 WL 3514483, *4 (M.D. Fla. June 4, 2015) ("Specifically, because the Complaint fails to provide sufficient factual support to properly allege a claim for unpaid wages under the FLSA, the Court hereby

8

GRANTS Defendants' Motion to Dismiss Count I."); *Holcomb-Jones v. StoneMor Partners, L.P.*, 2018 WL 4913254, *4 (N.D. Ala. Oct. 10, 2018) ("The factual allegations are not sufficiently developed – there are no facts about the plaintiffs' work schedule, wages, or hours worked to exceed forty in a given week, to plausibly give rise to an entitlement to relief.").

For the reasons set forth above, Plaintiff's Complaint fails to allege a necessary element of an FLSA overtime claim, specifically, that HLTC knew or should have known Plaintiff was working through her meal break. In addition, her formulaic recitation that HLTC's alleged violation of the FLSA was willful does not cause her claim to meet the required pleading standard. Accordingly, as a matter of law, Plaintiff has failed to plead a sufficient factual basis to support a plausible FLSA claim, and her first claim for relief should be dismissed.

### B. Plaintiff's breach of contract claim is duplicative of, and pre-empted by, the FLSA.

Courts have consistently held that 29 U.S.C. § 216 is the exclusive remedy for enforcing rights created by the FLSA. *See, e.g.*, *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim."); *Bule v. Garda CL Southeast, Inc.*, 2014 WL 3501546, *3 (S.D. Fla. Jul.14, 2014) (dismissing breach of contract claims as

duplicative of, and pre-empted by, the FLSA); *Bouthner v. Cleveland Constr. Inc.,* 2011 WL 2976868, at *7 (D. Md. July 21, 2011) (granting motion to dismiss quasi-contract claims as pre-empted by FLSA).

Accordingly, Plaintiff is prohibited, as a matter of law, from asserting a breach of contract claim in this case. The second claim for relief should be dismissed with prejudice.

Dated:    August 6, 2020.

*s/Christopher P. Brown*
_____
Christopher P. Brown, GA Bar #795154
Savannah B. Moore, GA Bar #796474
HAMILTON HEALTH CARE SYSTEM, INC.
1200 Memorial Dr.
Dalton, GA 30720
T: 706.272.6428
F: 706.272.6110
Emails:    cpbrown@hhcs.org
           sbmoore@hhcs.org
**Attorneys for Defendant HLTC, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on August 6, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and notification of such filing was also electronically served to the following email addresses:

R. Scott Jackson, rsjackson@rsjacksonlaw.com
4525 Harding Rd., Suite 200
Nashville, TN 37205
*Attorney for Plaintiff*

John McCown, john.mccown@warrenandgriffin.com
WARREN & GRIFFIN, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
*Attorney for Plaintiff*

> *s/Christopher P. Brown*
> _____
> Christopher P. Brown