# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| LAURA KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 4:20-cv-00144-MLB |
| | ) |
| HLTC, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2. Defendant is a George nonprofit corporation with its principal office in Dalton, Georgia. Its registered agent for service of process is Savannah B. Moore, 1200 Memorial Drive, Dalton, Georgia, 30720.

3. Defendant owns and operates an assisted living and rehabilitation facility on Broadrick Drive in Dalton, Georgia called Regency Park Health and Rehabilitation (Regency Park). Defendant also owns and operates facilities in

other states.

4. Plaintiff was employed by Defendant at Regency Park from approximately June of 2019 through May of 2020.

5. Plaintiff was employed by Defendant as a cook and kitchen supervisor. Her duties included cooking/preparing meals and serving them to the residents at Defendant's facility.

6. Defendant agreed to pay Plaintiff $12.00 an hour for her work.

7. Plaintiff clocked in and out on a time recording device.

8. While she was employed by Defendant, Plaintiff routinely worked uncompensated hours for which she was not compensated, including regular hours and overtime hours of more than 40 during a workweek.

9. More specifically, Defendant automatically subtracted a 30-minute lunch break each day from Plaintiff's recorded work time, for which it did not compensate Plaintiff, even though Plaintiff rarely took a lunch break and did not receive uninterrupted, 30-minute lunch breaks.

10. During Plaintiff's scheduled lunch break times, Plaintiff routinely received calls from nursing assistants at the facility concerning food requests of residents of the facility. For example, a resident may not have received his/her meal, or may have requested more food. Plaintiff had to respond to these requests

by bringing the food to the residents.

11. Plaintiff's direct supervisor, who was head of the dietary department, worked in an office that was in the kitchen where Plaintiff worked. The supervisor had a large window in his office from which he could look out into the kitchen, and he routinely interacted with and supervised Plaintiff and the other two or three employees who worked in the kitchen.

12. Plaintiff's supervisor was well aware that Plaintiff was working through her lunch breaks and was not being compensated for this work time.

13. In fact, Plaintiff and others who worked in the kitchen constantly complained to the supervisor about not being able to take lunch breaks. Plaintiff's supervisor responded to Plaintiff by telling her that "you have to make sure that the residents are taken care of," or words to that effect.

14. Plaintiff's supervisor was also well aware that Plaintiff was not being compensated for the time she spent working during her lunch breaks. The supervisor reviewed and approved Plaintiff's time records before payments were issued, and he knew that lunch breaks were being automatically deducted from Plaintiff's time records. On more than one occasion, the supervisor called Plaintiff into his office to question her about certain clock times on her time records. Plaintiff also made requests for paid time off, or "PTO," directly to her supervisor.

15. Despite his knowledge that Plaintiff was working through and not receiving her lunch breaks, at no time did Plaintiff's supervisor ever revise Plaintiff's time records to restore the time that was automatically deducted for lunch breaks, or otherwise take steps to ensure that Plaintiff was paid for this off-the-clock work.

## **Count 1—Violation of Fair Labor Standards Act**

16. Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs adopt by reference the allegations set forth in paragraphs 1-9 above.

17. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

18. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

19. Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceeded $500,000.00.

20. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

21. While she was employed by Defendant, Plaintiff was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for all

hours worked over 40 in a given workweek.

22. Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours was a violation of Section 207(a)(1) of the FLSA.

23. As a result of Defendant's violation of Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

24. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

25. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

26. Defendant's violation of Section 207 of the FLSA was willful. Specifically, Defendant was well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA, or recklessly disregarded its legal obligation.

## Count 2—Breach of Contract Under State Law

27. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-20 above.

28. Defendant's agreement to pay Plaintiff $12.00 an hour for her work is an enforceable contract under applicable state law.

29. By failing to compensate Plaintiff for all of the hours she worked, Defendant breached its contract with Plaintiff.

30. Plaintiff sustained damages as a result of Defendant's breach of contract. Specifically, Plaintiff failed to receive wages for work she performed for Defendant at the agreed-upon rate of pay.

31. During weeks in which Plaintiff was not compensated for all of her regular, non-overtime work hours that are not covered by the FLSA's overtime requirements, Plaintiff seeks recovery for those uncompensated regular hours at the agreed-upon hourly rate based on Defendant's breach of contract.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to her overtime back pay;

(c) reasonable attorneys' fees and costs;

(d) back pay for unpaid regular wages for weeks in which Plaintiff was not paid for all regular hours worked;

(e) interest; and

(f) all other general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., GA Bar #387630
4525 Harding Road
Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com


/s/ John McCown
John McCown, GA Bar #486002
Warren & Griffin, P.C.
300 West Emery Street
Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

    I hereby certify that on the 20th day of August, 2020, a true and correct copy of the foregoing was served via the Court's electronic filing system on Christopher P. Brown and Savannah B. Moore, Hamilton Health Care System, Inc., 1200, Memorial Dr., Dalton, GA 30720.

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr