## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Settlement Agreement") is entered into September 11, 2020 ("Effective Date"), between (a) **HLTC, Inc.**, including its affiliates, affiliated entities, employees, agents, directors, insurers, successors, assignees, and attorneys (collectively "Hamilton") and (b) **Laura Kennedy**, including her agents, successors, assignees, and attorneys (collectively "Kennedy"). Hamilton and Kennedy may collectively be referred to as "Parties" or individually referred to as a "Party."

## RECITALS

i.   On June 12, 2020 Laura Kennedy filed a complaint against Hamilton in the case captioned: *Kennedy v. HLTC, Inc.*, 20-CV-00144-MLB, United States District Court for the Northern District of Georgia, Rome Division (the "Litigation");

ii.  In the Litigation, Kennedy alleged that Hamilton violated provisions of the Fair Labor Standards Act ("FLSA") and breached an employment contract with her;

iii. Hamilton filed an answer to Plaintiff's complaint in which it disputed various factual allegations, expressly denied any wrongdoing, denied any violation of the FLSA, and denied that it breached any contract with Kennedy. Hamilton also asserted various affirmative defenses to Plaintiff's claims;

iv.  The Parties have agreed to resolve this dispute without further Court involvement given the expense and uncertainty associated with litigation.

THEREFORE, the Parties agree as follows:

1.  **Settlement Payment.** In exchange for a general release by Kennedy in favor of Hamilton, as set forth in more detail below, and for the additional consideration set forth below, Hamilton will cause to be paid to Kennedy the sum of Eight Thousand Three Hundred Forty-Three and 50/100 Dollars ($8,343.50) in good funds. The Settlement Payment will be made by three checks within fourteen (14) days of Hamilton's receipt of a W-9 for any and all payees.

    1.1.  <u>Allocation</u>. The Settlement Payment shall be allocated as follows:

➢ Non-FLSA Backpay:        $912.60 (subject to applicable withholding)
➢ FLSA Backpay:            $607.50 (subject to applicable withholding)
➢ FLSA Liquidated Damages: $607.50
➢ Attorney Fees and Costs: $6215.90

    1.2.  <u>Full compensation for FLSA claims</u>. Hamilton provided Kennedy with complete copies of her timesheet and payroll records to allow Kennedy to calculate her claimed backpay and liquidated damages. The parties agree that the FLSA Backpay and the FLSA Liquidated Damages amounts set

forth in Section 1.1 constitute full compensation for the claimed FLSA damages.

1.3.   Attorney Fees and Costs. Hamilton shall bear its own attorney fees and costs related to the Litigation. The Settlement Payment includes payment of all of Plaintiff's applicable statutory fees and costs as set forth in Section 1.1.

2.   **General Release.** Subject to the terms of the previous paragraph, in exchange for the Settlement Payment, Kennedy fully and completely releases Hamilton from all claims, damages, costs, attorneys' fees and expenses of every kind, both known and unknown, relating to any employment relationship which has heretofore existed between Kennedy and Hamilton including, but not limited to, claims that were asserted, or could have been asserted, in the Litigation. Without limiting the foregoing, Kennedy hereby releases those claims which could have been asserted by her in connection with her employment and any claim or suit for wrongful discharge or any claim under either state or federal employment or discrimination laws. More specifically, Kennedy hereby releases any claims included but not limited to claims for age, gender, race or disability discrimination under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Employee Retirement Income Security Act, and claims under any other federal or state statute or common law as any of said acts or laws may be amended from time to time. Kennedy has knowingly relinquished, waived and forever released any and all claims for relief which might otherwise be available to her, including without limitation, claims for emotional distress, back pay, front pay, claims for recovery of interest, cost, compensatory damages, liquidated damages, punitive damages or attorney's fees, and any claim for employment or re-employment with Hamilton, including its affiliate entities. Kennedy expressly waives and relinquishes any and all rights and benefits which Employee may have under any state or federal statute or common law principle that would otherwise limit the effect of this Settlement Agreement to claims known or suspected prior to the date Kennedy executes this Settlement Agreement, and does so understanding and acknowledging the significance and consequences of such specific waiver. The undertakings and benefits of this release shall survive and not be extinguished by either party's breach of the other provisions of this Agreement.

2.1.   Protected Rights. Nothing contained in this Settlement Agreement is intended to limit Kennedy's ability to file a charge with, make disclosures to, or initiate or participate in communications with the Equal Employment Opportunity Commission or any other federal, state or local governmental agency or commission. The Parties agree that Kennedy does not need to notify Hamilton or seek Hamilton's prior authorization before engaging in such communications. With respect to any charge filed with any such agency or commission, Kennedy agrees that she waives and is not entitled to any monetary compensation, directly or indirectly, from Hamilton after the effective date of this Agreement for anything alleged to have occurred before the effective date of this Agreement.

2.2.   No Dilution of FLSA Rights. The payment of backpay, liquidated damages, and attorney fees under the terms of this Settlement Agreement is not

intended to serve as consideration for the foregoing releases. Rather, the Parties agree that a meaningful portion of the payment of "regular backpay" in the amount of $912.60 constitutes the sole consideration for the release of claims set forth in Section 2.

3.    **Dismissal of Claims.** Plaintiff agrees to cooperate in the filing of a joint motion to approve this Settlement Agreement, and to dismiss her claims with prejudice after the Settlement Agreement is approved and the settlement is paid.

4.    **Covenant Not to Sue.** As part of this Settlement Agreement, the Parties expressly covenant not to sue each other regarding the matter set forth in Paragraph 2.

5.    **Warranty of Capacity to Execute Release.** Each party represents and warrants that no other persons or entities have or have had any interest in the claims, demands, obligations or causes of action referenced in this Settlement Agreement, except as set forth herein, that each party has the sole right and exclusive authority to execute this Settlement Agreement and receive the proceeds thereof, and that each party has agreed to this settlement after careful consideration of its merits and after consultation with the party's respective lawyers. Each party further represents and warrants that that party has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referenced in this Settlement Agreement.

6.    **No Representation as to Tax Consequences or Other Matters.** Each party executes this Settlement Agreement without reliance upon any statements or representations by any other party, or that party's representative, concerning the nature and extent of any legal liability, tax consequences or any other matter except as contained in this Settlement Agreement.

7.    **No Admission of Liability.** The parties expressly deny liability or wrongdoing. This Settlement Agreement does not constitute an admission by either party of any wrongdoing or liability for any purpose whatsoever. The Parties have entered into this Settlement Agreement solely for the purpose of avoiding the costs and uncertainties of litigation.

8.    **Applicable Law.** This Settlement Agreement shall be construed in accord with the laws of the State of Georgia.

9.    **Enforcement.** Any party may bring a lawsuit to enforce the terms of this Settlement Agreement. The Parties agree to subject themselves to the jurisdiction of the Superior Court of Whitfield County, State of Georgia to litigate any disputes over the enforcement or interpretation of the terms of this Settlement Agreement. The Parties hereby waive any claim or defense to improper jurisdiction and venue in any subsequent suit.

10.    **Severability.** Unless otherwise provided herein, if any provision of this Settlement Agreement shall be deemed invalid, illegal, or unenforceable for any reason whatsoever, the validity, legality and enforceability of the remaining provisions shall not be affected or impaired thereby.

Page 3 of 6

**11.     Modifications.** No modification of this Settlement Agreement shall be effective unless in writing and signed by both parties, or by order of the court.

**12.     Headings.** The headings contained in this Settlement Agreement were inserted for purposes of convenience only and shall not be used to construe or interpret any term or provision of this Settlement Agreement.

**13.     Drafting.** This Settlement Agreement was drafted with the input of all Parties and their attorneys. Therefore, in the event any court is called upon to construe or interpret any provision hereof, such court shall not construe or interpret such provision against any Party on the grounds that such Party was the drafting Party.

**14.     Faxed or e-mailed signatures and signatures in counterparts**: This Settlement Agreement may be signed in counterparts. Faxed or e-mailed signatures will be treated as original signatures.

**15.     Confidentiality.** [Intentionally Omitted]

**16.     Entire Agreement and Successors in Interest.** Subject to the previous paragraph, this Settlement Agreement contains the entire agreement between the Parties and embodies and expresses the entire intent of the Parties with regard to the matters set forth herein, and shall be binding on the heirs, executors, employees and former employees, principals, partners, shareholders, officers, contractors, administrators, agents, guardians, conservators, personal representatives, trustees, successors and assigns of each Party. There are no representations or warranties between the Parties other than as contained herein. This Settlement Agreement supersedes, merges and replaces all prior or contemporaneous understandings, negotiations, offers, promises, representations, and agreements between the parties relating to the matters set forth herein, to the extent such prior understandings, negotiations, and agreements are inconsistent herewith. Extrinsic evidence shall not be admissible in any proceeding to vary or contradict the terms of this Settlement Agreement.

*[Signatures on following pages]*

**CAUTION: READ BEFORE SIGNING BELOW**

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE. I FULLY UNDERSTAND THAT THIS AGREEMENT HAS IMPORTANT LEGAL CONSEQUENCES. I HAVE CONSULTED AN ATTORNEY BEFORE SIGNING THIS DOCUMENT. I AM EXECUTING IT VOLUNTARILY.

**HLTC, Inc.**

By: _Matthew Cummings_

Title: _HLTC Director of Operations_

As to Form:

_____
Christopher P. Brown, Esq.
*Attorney for HLTC, Inc.*

Page 5 of 6

## CAUTION: READ BEFORE SIGNING BELOW

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE. I FULLY UNDERSTAND THAT THIS AGREEMENT HAS IMPORTANT LEGAL CONSEQUENCES. I HAVE CONSULTED AN ATTORNEY BEFORE SIGNING THIS DOCUMENT. I AM EXECUTING IT VOLUNTARILY.

_Laura Kennedy_  9/11/20
Laura Kennedy